IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HAZZARD, | : |
| Plaintiff, | : No. 1:CV-00-1758 |
| v. | : (Judge Rambo) |
| TIM CURTIS, MACK MCMURRAY, AFSCME DISTRICT 90, and THE HARRISBURG SCHOOL DISTRICT, | : |
| Defendants. | : |



FILED
FEB 1 5 2002
PER _____
HARRISBURG, PA  DEPUTY CLERK

## STATEMENT OF UNCONTESTED MATERIAL FACTS FILED BY DEFENDANTS HARRISBURG SCHOOL DISTRICT AND TIMOTHY CURTIS

Pursuant to Local Rule of Civil Procedure 56.1, now come Defendants, the Harrisburg School District and Timothy Curtis, by their counsel, Rhoads & Sinon LLP, and file the within Statement of Uncontested Material Facts in support of their Motion for Summary Judgment, stating as follows:

1. William A. Hazzard ("Hazzard" or "Plaintiff") is a Caucasian male who has been employed by the School District for more than thirty years and is

currently employed as a head custodian within the District. (Hazzard Deposition dated October 19, 2001, p. 7, submitted as Exhibit "A" to the Brief of Defendants Harrisburg School District and Tim Curtis) ("Pl.'s Dep.").

2. Hazzard was and continues to be a member of the American Federation of State, County and Municipal Employees, AFL-CIO, District Council 90 ("AFSCME"). (Pl.'s Dep., pp. 13-14).

3. AFSCME and the School District are parties to a Collective Bargaining Agreement ("CBA") that covers various jobs at the District, including the head custodian position currently held by Hazzard. (Collective Bargaining Exhibit, submitted with the Brief of Defendants Harrisburg School District and Tim Curtis as Exhibit "8" to Pl.'s Dep.).

4. Under the CBA, head custodians at the School District are divided into two job classifications based upon the size of the building to which they are assigned. (Deposition of Tim Curtis dated November 19, 2001, pp. 23-25, submitted as Exhibit "B" to the Brief of Defendants Harrisburg School District and Tim Curtis) ("Curtis Dep.").

5. Head custodians working in larger buildings, commonly referred to as "major" or "large" buildings, are classified under the contract as Facility Service Foremen 1B; head custodians working in smaller buildings, commonly referred to as "minor" or "small" buildings, are classified as Facility Service Foremen 1A.

(Pl.'s Dep., pp. 165-67); (See also Job Descriptions of Facility Service Foremen 1A and 1B, submitted with the Brief of Defendants Harrisburg School District and Tim Curtis as Exhibit "9" and "10" to Pl.'s Dep.).

6. There are only two significant differences between 1A and 1B head custodian positions. Specifically, starting pay for head custodians in major buildings is fifty cents more per hour than head custodians employed in minor buildings. (Pl.'s Dep., pp. 151-52); (Exhibit 8 to Pl.'s Dep., p. 49).

7. Raises are standardized for all head custodians. (Pl.'s Dep., pp. 151-152).

8. Second, 1B (major building) head custodians are usually responsible for the supervision of additional employees due to the increased area of the buildings. (Pl.'s Dep., p. 32).

9. Prior to June 18, 1999, the School District employed Defendant McMurray as a head custodian 1B (major building) at the School District's William Penn School. (Deposition of Robert McMurray dated October 18, 2001, p. 14, submitted as Exhibit "C" to the Brief of Defendants Harrisburg School District and Tim Curtis) ("McMurray Dep.").

10. William Penn is considered a major building by the School District. (Pl.'s Dep., p.40); (Exhibit 10 to Pl.'s Dep.).

11.  Immediately prior to June 18, 1999, Plaintiff Hazzard was employed by the District as a head custodian at the Marshall School, a minor (1A) building. (Pl.'s Dep., pp. 37-38); (Exhibit 9 to Pl.'s Dep.).

12.  On June 18, 1999, Defendant Timothy Curtis ("Curtis"), acting in his capacity as Facilities Supervisor for the School District, transferred <u>all</u> twelve head custodians in the District from their then current locations to alternate schools within the District. (Pl.'s Dep., pp. 32-34). These transfers are detailed in a memo by Defendant Curtis. (A copy of the Curtis memo is submitted with the Brief of Defendants Harrisburg School District and Tim Curtis as Exhibit "1" to Pl.'s Dep.).

13.  At the time of the transfer, only two of the twelve head custodians employed by the School District were Caucasian, Hazzard and Dan Rhoads. (Pl.'s Dep., pp. 33, 35-41). The remaining ten head custodians were African-American or Hispanic. (Pl.'s Dep., pp. 35-41).

14.  At the time the transfer occurred, the School District was in the process of renovating a recently purchased building into a new school. The District intended to have the new school, the Rowland Intermediate School ("Rowland"), open for the beginning of the 1999-2000 school year. (Deposition of Lance D. Freeman dated November 17, 2001, pp. 23, 43, submitted as Exhibit "D"

to the Brief of Defendants Harrisburg School District and Tim Curtis)("Freeman Dep.").

15. Thus, on June 18, 1999, Hazzard was transferred, along with all of the other head custodians, to a different building: from Marshall School to Shimmell School, also undisputedly classified as a minor building within the School District. (Pl.'s Dep., pp. 35-41); (Exhibit 9 to Pl.'s Dep.).

16. In similar fashion, Dan Rhoads, the other white head custodian, was transferred from Shimmell to Foose, both minor buildings. (Pl.'s Dep., pp. 39-40).

17. Due to the fact that there was the potential for a head custodian at a major building to be transferred to a minor building, a potential disparity of pay arose. Therefore, based on the potential disparity in pay, AFSCME filed a grievance regarding these transfers. (Pl.'s Dep., pp. 179-181).

18. The grievance was resolved by the School District's agreement to pay any head custodian who had been transferred from a major to a minor building according to the pay scale for the major building. Therefore, no head custodian suffered a diminution in his rate of pay due to the transfers. (Pl.'s Dep., pp. 179-81).

19. As a result, neither Hazzard's, nor Rhoads', rate of pay was affected in any way by this transfer. (McMurray Dep., p. 11); (Pl.'s Dep., pp. 42-43).

20. Also, through the transfers, at least two African-American head custodians, Clyde Dunson and Valence Barker, were transferred from major buildings to minor buildings. (Pl.'s Dep., pp. 35-41, 185-188); (Exhibit 1 to Pl.'s Dep.).

21. Defendant Curtis was the primary individual responsible for making the transfer decisions. (Curtis Dep., pp. 22).

22. As of June 18, 1999, it was Curtis' intention to ultimately place McMurray at Rowland. (Curtis Dep., pp. 22, 23).

23. Because Rowland was not open for occupancy in June, 1999, however, McMurray could not be transferred there at the time the other transfers were made. (Freeman Dep., pp. 23, 43).

24. In June, 1999, however, an opening at Hamilton, a minor building, existed. (Curtis Dep., p. 19).

25. Accordingly, Curtis transferred McMurray to Hamilton on a temporary basis. (Curtis Dep., pp. 19, 40, 41); (Freeman Dep., pp. 27, 28); (McMurray Dep., pp. 15, 16).

26. The transfer of McMurray to Hamilton was temporary and designed to be applicable only from June 18, 1999 until the opening of Rowland in August,

1999. (Curtis Dep., pp. 19, 40, 41); (Freeman Dep., pp. 27, 28); (McMurray Dep., pp. 15, 16).

27.   Curtis selected McMurray for the position at Rowland because of McMurray's prior experience as a head custodian in a "major" building. (Curtis Dep., pp. 19, 22-23).

28.   Although Hazzard has more overall seniority with the District, having worked previously on grounds crew and in food services for approximately 10 years each, Hazzard has <u>never</u> been a head custodian in a "major" building. (Pl.'s Dep., pp. 19-21, 182).

29.   Because it was a well-known fact that the School District intended to open the Rowland School for the 1999-2000 school year, head custodians were generally anticipating that a Facility Service Foreman 1B (major building) job would be available at the time the building opened. (Pl.'s Dep., pp. 50-52).

30.   Hazzard was aware of the potential position and admits that he expressed an interest in the position of the head custodian at the Rowland School on June 25, 1999 despite the fact that the job had not yet been posted. (Pl.'s Dep., pp. 49-53).

31. As of the date Hazzard expressed an interest in the position of head custodian at Rowland, no official announcement been made that the job would be open. (Pl.'s Dep., p.50).

32. The District accepted Hazzard's expression of interest as a "bid" on an "unposted" position because the District's policy was (and is) to accept bids on jobs even if the job has not yet been posted. (Freeman Dep., p. 53).

33. As a result, despite the fact that Hazzard expressed an interest prior to any official posting, his letter was accepted by the School District as a bid for the Rowland position. (Pl.'s Dep., p.67); (Freeman Dep., p.53).

34. At the time, however, that Hazzard submitted his letter to the District, Curtis had already made his decision to fill the Rowland position with Mr. McMurray. (Curtis Dep., p.39).

35. On July 8, 1999, the School District erroneously posted the Roland School head custodian position. (Curtis Dep., p. 39).

36. Following the erroneous posting, <u>nobody</u> applied for or expressed an interest in the Rowland position.

37. Because the decision to place McMurray at Rowland had already been made Hazzard did not receive the Rowland position. In August, 1999, as

originally decided, McMurray was transferred into the position. (Curtis Dep., pp. 22-23).

38. Hazzard learned of McMurray's transfer to Rowland at a general meeting of head custodians sometime in either late July or early August, 1999. (Pl.'s Dep., p.55); (Curtis Dep., p.38).

39. When he learned that McMurray received the Rowland position, Hazzard filed a grievance through AFSCME on August 12, 1999 against the School District. (Pl.'s Dep., pp. 83-85, 176); (See Hazzard grievance dated August 12, 1999, submitted with the Brief of Defendants Harrisburg School District and Tim Curtis as Exhibit "3" to Pl.'s Dep.).

40. Hazzard's position in the grievance was that he was the only person to bid on the Rowland job and, therefore, should have received the job under the terms of the CBA. (Exhibit 3 to Pl.'s Dep.); (Pl.'s Dep., pp. 83-85, 176).

41. The grievance did not mention, or allege in any way, that race played a role in the decision to transfer McMurray into the job instead of Hazzard. (Exhibit 3 to Pl.'s Dep.).

42. The School District and AFSCME proceeded through the grievance process pursuant to the terms of the CBA. (Pl.'s Dep., pp. 86-87).

43. There was at least one formal meeting in which the School District explained to AFSCME that the decision to transfer McMurray to the Rowland position had been made <u>prior to</u> the time the bid was posted, and that the bid had been posted erroneously. (Pl.'s Dep., pp. 86-89).

44. On March 14, 2000, AFSCME, after proceeding through three of the four steps in the mandated grievance procedure, unilaterally withdrew the Hazzard grievance for lack of merit. (Pl.'s Dep., pp. 103-104, 238-239); (<u>See</u> Correspondence from AFSCME withdrawing Hazzard's grievance, submitted with the Brief of Defendants Harrisburg School District and Tim Curtis as Exhibit "4" to Pl.'s Dep.).

45. The written notice from AFSCME to the School District expressly provided that AFSCME was withdrawing the grievance for lack of merit and intended to take no further action with respect to Hazzard's claim. (Exhibit 4 to Pl.'s Dep.).

46. The School District did not attempt to further pursue the grievance.

47. On April 18, 2000, Hazzard filed a Complaint with the School District. (Pl.'s Dep., p.130); (<u>See</u> Copy of the Complaint filed by Hazzard with the School District, submitted with the Brief of Defendants Harrisburg School District and Tim Curtis as Exhibit "5" to Pl.'s Dep.).

48. The Complaint, filed in accordance with the School District's internal complaint procedure, essentially continued the grievance argument previously set forth by Hazzard: that he was the only bidder for the Rowland position and, therefore, entitled to the job. (Exhibit 5 to Pl.'s Dep.).

49. The internal complaint procedure consists of four steps. (See School District March 26, 1983 Complaint Policy submitted as Exhibit "E" to the Brief of Defendants Harrisburg School District and Tim Curtis).

50. Hazzard availed himself of all four steps of the procedure, culminating in a hearing before the School Board. (See District-Hazzard Correspondence regarding internal complaint, submitted as Exhibit "F" to the Brief of Defendants Harrisburg School District and Tim Curtis).

51. On June 1, 2000, two School Board members, Joseph Brown and Ricardo Davis, heard testimony and received evidence concerning Hazzard's internal complaint. (Pl.'s Dep., pp. 230-39).

52. At the School Board hearing, Hazzard testified on his behalf, along with two witnesses, Messrs. McCullum and Tapper (who are both District employees and AFSCME representatives). (Pl.'s Dep., pp. 131-33). Freeman and Defendant Curtis testified on behalf of the District. (Pl.'s Dep., pp. 131-33).

53. The Board members formally denied Hazzard's internal complaint by letter dated June 26, 2000. (Exhibit F); (See also Correspondence from School Board denying Hazzard's internal complaint, submitted with the Brief of Defendants Harrisburg School District and Tim Curtis as Exhibit "6" to Pl.'s Dep.).

54. No further action was taken by any of the parties with respect to the grievance or internal complaint.

55. Hazzard instituted this action alleging, in Count I, that the School District, AFSCME, Curtis, and McMurray discriminated against him because he is Caucasian. (Pl.'s Compl. ¶21).

56. Defendants Harrisburg School District and Timothy Curtis are named as Defendants under only Count 1 of the Complaint. (Pl.'s Compl., ¶¶20-21).

    Respectfully Submitted,

    RHOADS & SINON LLP

    By: _____
    Shawn D. Lochinger
    Attorney I.D. No. 52795
    Stephanie E. DiVittore
    Attorney I.D. No. 85906
    One South Market Square, 12th Flr.
    Harrisburg, PA 17108
    (717) 233-5731

    Attorneys for Defendants Harrisburg School District and Timothy Curtis

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2002 a true and correct copy of the foregoing "Statement of Uncontested Material Facts filed by Defendants Harrisburg School District and Timothy Curtis" was served by first class mail, postage prepaid, upon the following:

Don Bailey
4311 North 6th Street
Harrisburg, PA 17110

Eric M. Fink
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

/Russell D. Fuller