FILED
HARRISBURG
FEB 15 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Hazzard,<br>    Plaintiff | Civil Action–Law |
| v. | No. 1:CV-00-1758 |
| Tim Curtis, Mack McMurray,<br>AFSCME District 90, and the<br>Harrisburg School District,<br>    Defendants | |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

Pursuant to Local Rule 56.1 of the U.S. District Court for the Middle District of Pennsylvania, Defendants Robert McMurray and AFSCME District Council 90 ("AFSCME"), by and through their undersigned counsel, hereby submit their Statement of Uncontested Material Facts in support of their Motion for Summary Judgment:

1. Plaintiff William Hazzard is an employee of Defendant Harrisburg School District. Hazzard Deposition at 7.

2. AFSCME is the exclusive bargaining representative with respect to matters pertaining to wages, hours or other terms and conditions of employment for a unit of School District employees, pursuant to Section 606 of the PERA, 43 P.S. § 1101.606. Hazzard Deposition, Exhibit 8.

3. Defendant Hazzard is a member of the AFSCME collective bargaining unit. Hazzard Deposition at 8; Complaint, ¶ 23.

4. AFSCME and the School District are parties to a collective bargaining agreement, pursuant to Section 901 of the PERA, 43 P.S. § 1101.901. Hazzard Deposition, Exhibit 8.

5. The AFSCME bargaining unit in the School District includes head custodians, who are responsible for the cleaning and maintenance of School District buildings. Hazzard Deposition, Exhibits 8, 9 and 10.

6. Head custodians are divided into two job classifications under the AFSCME collective bargaining agreement, based on the size of the building in which they work. Those working in larger ("major") buildings are classified as Facility Service Foreman 1B; those in smaller ("minor") buildings are classified as Facility Service Foreman 1A. Hazzard Deposition at 163-64; Hazzard Deposition, Exhibits 8, 9 and 10.

7. As set forth in the collective bargaining agreement, the rate of pay for a Facility Service Foreman 1B is fifty cents ($.50) per hour higher than that for a Facility Service Foreman 1A. Hazzard Deposition, Exhibit 8.

8. The job duties for a Facility Service Foreman 1A and a Facility Service Foreman 1B are identical, except that a Facility Service Foreman

1B typically supervises more employees than a Facility Service Foreman 1A. Hazzard Deposition at 31; Hazzard Deposition, Exhibit 8, 9 and 10.

9. On or about June 18, 1999, the School District issued a memo announcing the transfer of all head custodians to different buildings. Hazzard Deposition at 32-34; Hazzard Deposition, Exhibit 1.

10. Among those affected by the transfer were Plaintiff William Hazzard (who is white), who was transferred from the Marshall School (a minor building) to the Shimmell School (also a minor building), and Defendant Robert McMurray (who is African-American), who was transferred from the William Penn School (a major building) to the Hamilton School (a minor building). Hazzard Deposition at 35-41; Hazzard Deposition, Exhibit 1.

11. The transfer of McMurray to Hamilton was temporary, until the opening of the new Rowland School in August 1999. Curtis Deposition at 19, 40, 41; McMurray Deposition at 15, 16.

12. Because Hazzard moved from one minor building to another, his rate of pay was unaffected. Hazzard Deposition at 180-181.

13. Although McMurray moved from a major building to a minor building, his rate of pay remained the same, as the collective bargaining agreement provided that a temporarily downgraded employee keeps the higher rate of pay. Hazzard Deposition at 43, 180-181; Hazzard Deposition, Exhibit 8; Chivis Deposition at 27.

14. On or about June 25, 1999, Hazzard expressed interest in a position as head custodian at the Rowland School, which had not yet opened. Hazzard Deposition at 49; Hazzard Deposition, Exhibit 6.

15. On or about July 8, 1999, the School District posted an opening for a head custodian at Rowland School, a major building. Hazzard Deposition at 156-57, 168; Hazzard Deposition, Exhibit 7.

16. Hazzard has never worked as a major building head custodian (Facility Service Foreman 1B). Hazzard Deposition at 25-32.

17. Hazzard did not receive the position as head custodian at Rowland School. Hazzard Deposition at 55; Curtis Deposition at 22-23.

18. The School District appointed McMurray to the Rowland School position. Hazzard Deposition at 68; Curtis Deposition at 22-23. McMurray Deposition, Exhibit 1.

19. Under the collective bargaining agreement, the School District has the right to laterally transfer personnel from one building to another, without posting the position. Hazzard Deposition, Exhibit 8 at 27, 40.

20. Hazzard filed a grievance through the Union, alleging that the School District had violated his rights under the collective bargaining agreement by failing to appoint him as head custodian at Rowland School. The asserted basis of the grievance was that, as the only employee to bid

on the Rowland School head custodian's position, Hazzard was entitled to the position. Hazzard Deposition at 83; Hazzard Deposition, Exhibit 3.

21. At no time during the grievance process did Hazzard allege that race played any role in the decision to assign McMurray, rather than Hazzard, to the Rowland School. Hazzard Deposition at 91; Hazzard Deposition, Exhibit 3.

22. At a formal meeting on the grievance, Lance Freeman, the School District's Personnel Director, told AFSCME Staff Representative Nichelle Chivis that the Rowland School posting had been an error and that the position was not open for bid. Rather, the School District was exercising its management rights to transfer McMurray to the Rowland School. Hazzard Deposition at 88-89, 232; Chivis Deposition at 23, 30.

23. Chivis, accepted Freeman's explanation that the posting had been an error, because it was consistent with her previous conversations with Freeman—months before Hazzard had ever expressed interest in the

Rowland School position—at labor-management meetings. At those meetings, Freeman had explained that the School District intended to staff Rowland School by laterally transferring personnel from William Penn. Chivis Deposition at 24-25, 34, 35-36.

24. Chivis understood that the School District had a right, under the collective bargaining agreement, to laterally transfer personnel from one building to another. Chivis Deposition at 18, 21-22; Hazzard Deposition, Exhibit 8 at 27, 40.

25. Nonetheless, Chivis proposed that the School District pay Hazzard at the higher rate for a major building head custodian, because of the confusion that the School District had created by posting the Rowland School position. Freemen rejected that proposal. Hazzard Deposition at 236-37; Chivis Deposition at 25, 30, 45.

26. Based on the explanation offered by Freeman, and the fact that the School District is entitled, under the collective bargaining

agreement, to laterally transfer personnel from one building to another, Chivis concluded that the grievance lacked merit. Chivis Deposition at 18, 21-22, 30, 34-36.

27. On or about March 14, 2000, Nichelle Chivis wrote to Lance Freeman, stating that AFSCME was withdrawing the grievance. Hazzard Deposition, Exhibit 4.

28. Chivis sent Hazzard a copy of her letter to Freeman, advising him of the withdrawal of the grievance. Hazzard Deposition, Exhibit 4.

29. In April 2000, a class action grievance was filed on behalf of all head custodians, including Hazzard, over the School District's denial of vacation leave. The grievance was prompted, in part, by the School District's telling one custodian that he could not take requested vacation leave unless Hazzard withdrew his request for leave on the same date. AFSCME successfully resolved that grievance in favor of the head

9

custodians, including Hazzard. Hazzard Deposition at 207-18; Hazzard Deposition, Exhibit 15.

30. In June 2000, Hazzard filed another grievance after Tim Curtis questioned bereavement leave that Hazzard had taken several months earlier for the death of his brother-in-law. AFSCME successfully resolved that grievance in Hazzard's favor in February 2001. Hazzard Deposition at 115, 197, 200-04; Hazzard Deposition, Exhibits 12, 13 and 14.

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

BY: _____
ALAINE S. WILLIAMS, ESQUIRE
Attorney I.D. No. 32489
ERIC M. FINK, ESQUIRE
Attorney I.D. Number 80154
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

Attorneys for Defendants
McMurray and AFSCME

Dated: February 14, 2002