2 cts d

FILED
HARRISBURG

FEB 1 5 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

(29)
2-19-0_
sc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

William Hazzard,

                            Plaintiff

            v.

Tim Curtis, Mack McMurray,
AFSCME District 90, and the
Harrisburg School District,
                            Defendants

Civil Action–Law
No. 1:CV-00-1758

RAMBO

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Introductory Statement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Statement of Uncontested Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    AFSCME and McMurray are Entitled to Summary Judgment on
        Hazzard's Section 1981  . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    AFSCME and McMurray are Entitled to Summary Judgment on
        Hazzard's Duty of Fair Representation Claim . . . . . . . . . . . . 18
    The Court Should Decline Jurisdiction Over Hazzard's State Law Duty
        of Fair Representation Claim . . . . . . . . . . . . . . . . . . . . . . . . 22

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

## Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . . . . . . . . . . .  8, 9

Armstrong v. School Dist. of Philadelphia,
597 F. Supp. 1309 (E.D. Pa. 1984) . . . . . . . . . . . . . . . . . . .  10, 12, 14, 15

Borough of West Mifflin v. Lancaster,
45 F.3d 780 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23, 24

Boykin v. Bloomsburg Univ. of Pennsylvania,
893 F. Supp. 409 (M.D. Pa. 1995),
aff'd without op. , 91 F.3d 122 (3d Cir. 1996),
cert. denied, 519 U.S. 1078 (1997) . . . . . . . . . . . . . . . . . . . . . .  10, 12, 13

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . .  8, 9

Crilly v. Southeastern Pennsylvania Transp. Auth.,
529 F.2d 1355 (3d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

Dorfman v. Pennsylvania Social Services Union,
752 A.2d 933 (Pa. Cmwlth. 2000) . . . . . . . . . . . . . . . . . . . . . . . . .  18

Elmore v. Clarion Univ. of Pennsylvania,
933 F. Supp. 1237 (M.D. Pa. 1996),
aff'd without op., 142 F.3d 427 (3d Cir. 1998) . . . . . . . . . . . . . . . .  9, 10, 13

Flagg v. Control Data, 806 F. Supp. 1218 (E.D. Pa. 1992) . . . . . . . . . . .  12

Fuentes v. Perskie, 32 F. 3d 759 (3d Cir. 1994) . . . . . . . . .  11, 12, 15, 17

Goodman v. Lukens Steel Co., 482 U.S. 656 (1987) . . . . . . . . . . . . . . .  10

Growth Horizons, Inc. v. Delaware County,
983 F.2d 1277 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Lightening Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir. 1993) . . . . . . .  9

Manfredi v. Hazelton City Auth., 793 F.2d 101 (3d Cir. 1986) . . . . . . . . .  23

Martino v. Transport Workers' Union,
505 Pa. 391, 480 A.2d 242 (1984) . . . . . . . . . . . . . . . . . . . . . . . .  16, 18, 21

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) . . . . . . . . . . .  11

Mellon Bank Corp. v. First Union Real Estate Equity and Mortg. Invest.,
951 F.2d 1399 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Olympic Junior, Inc. v. David Crustal, Inc.,
463 F.2d 1141 (3d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378 (3d Cir. 1999) . . . .  11

Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,
429 U.S. 252 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12


**Statutes and Rules**
28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

28 U.S.C. § 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22, 24

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Fed. R. Civ. P.  Rule 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Public Employe Relations Act, 43 P.S. §§ 1101.101 et seq. . . . . . . .  18, 23

## I.    STATEMENT OF THE CASE

### A.    Introductory Statement

Plaintiff William Hazzard has filed a claim of racial discrimination under 42 U.S.C. § 1981 against his employer, the Harrisburg School District, and his union, AFSCME District Council 90. Hazzard claims that the defendants conspired to deny him a transfer to another position because he is white. Hazzard has also brought a pendant state law claim against the union for breach of the duty of fair representation, alleging that the union failed to arbitrate a grievance on his behalf because he is white.

### B.    Statement of Uncontested Facts

AFSCME District Council 90 ("AFSCME") is the exclusive bargaining representative with respect to matters pertaining to wages, hours and other terms and conditions of employment for a unit of employees of the Harrisburg School District ("School District"), pursuant to Section 606 of the Pennsylvania Public Employe Relations Act ("PERA"), 43 P.S. § 1101.606. AFSCME and the School District are parties to a collective bargaining agreement, pursuant to Section 901 of PERA, 43 P.S. § 1101.901. (Hazzard Deposition, Exhibit 8).

1

The AFSCME bargaining unit includes head custodians, who are responsible for the cleaning and maintenance of School District buildings. Head custodians are divided into two job classifications under the AFSCME collective bargaining agreement, based on the size of the building in which they work. Those working in larger ("major") buildings are classified as Facility Service Foreman 1B; those in smaller ("minor") buildings are classified as Facility Service Foreman 1A. The rate of pay for a Facility Service Foreman 1B is fifty cents ($.50) per hour more than that for a Facility Service Foreman 1A. (Hazzard Deposition at 163-64; Hazzard Deposition, Exhibits 8, 9 and 10).

On or about June 18, 1999, the School District issued a memo announcing the transfer of all head custodians to different buildings. (Hazzard Deposition at 32-34 and Exhibit 1). The School District did so in the exercise of its management rights under the collective bargaining agreement to select and direct personnel. (Hazzard Deposition, Exhibit 8 at 40). Among those affected by the transfer were Plaintiff William Hazzard (who is white), who was transferred from the Marshall School (a minor building) to the Shimmell School (also a minor building), and Defendant

2

Robert McMurray (who is African-American), who was transferred from the William Penn School (a major building) to the Hamilton School (a minor building). (Hazzard Deposition at 35-41 and Exhibit 1). The transfer of McMurray to Hamilton was temporary, until the opening of the new Rowland School in August 1999. (Curtis Deposition at 19, 40, 41; McMurray Deposition at 15, 16).

Because Hazzard moved from one minor building to another, his rate of pay was unaffected. (Hazzard Deposition at 180-81). Although McMurray moved from a major building to a minor building, his rate of pay also remained the same, as the collective bargaining agreement provides that a temporarily downgraded employee keeps the higher rate of pay. (Hazzard Deposition at 43, 180-81 and Exhibit 8; Chivis Deposition at 27).

On or about June 25, 1999, Hazzard expressed interest in a position as head custodian at the Rowland School, which had not yet opened. (Hazzard Deposition at 49 and Exhibit 6). On or about July 8, 1999, the School District posted an opening for a head custodian at Rowland School, a major building. (Hazzard Deposition at 156-57, 168 and Exhibit 7).

3

Hazzard did not receive the position. Rather, the School District assigned McMurray to the Rowland School position. (Hazzard Deposition at 55, 68; Curtis Deposition at 22-23; McMurray Deposition, Exhibit 1).

Hazzard filed a grievance through the Union, alleging that the School District violated his rights under the collective bargaining agreement by failing to appoint him as head custodian at Rowland School. The stated basis of the grievance was that, as the only employee to bid on the Rowland School position, Hazzard was entitled to the position. At no time in the grievance process did Hazzard allege that race played any role in the decision to assign McMurray, rather than Hazzard, to the Rowland School. (Hazzard Deposition at 91; Hazzard Deposition, Exhibit 3).

At a formal meeting on the grievance, Lance Freeman, the School District's Personnel Director, indicated that the Rowland School posting had been an error and that the position was not open for bid. Rather, Freeman explained, the School District was exercising its management right to transfer McMurray to the Rowland School. (Hazzard Deposition at 88-89, 232; Chivis Deposition at 23, 30). Under the collective bargaining

4

agreement, the School District has the right to laterally transfer personnel from one building to another, without posting the position. (Hazzard Deposition, Exhibit 8 at 27, 40).

AFSCME's Staff Representative, Nichelle Chivis, accepted Freeman's explanation that the posting had been an error, because it was consistent with her previous conversations with Freeman—months before Hazzard had ever expressed interest in the Rowland School position—at labor-management meetings. At those meetings, Freeman had explained that the School District intended to staff Rowland School by laterally transferring personnel from William Penn. (Chivis Deposition at 24-25, 35-36). Moreover, Chivis understood that the School District had a right, under the collective bargaining agreement, to laterally transfer personnel from one building to another. (Chivis Deposition at 18, 21-22; Hazzard Deposition, Exhibit 8 at 27, 40). Nonetheless, Chivis proposed that the School District pay Hazzard at the higher rate for a major building head custodian, because of the confusion that the School District had created by erroneously posting the position. Freeman rejected that proposal. (Hazzard Deposition at 236-37; Chivis Deposition at 25, 30, 45).

5

Based on the explanation offered by Freeman, and the fact that the School District is entitled, under the collective bargaining agreement, to laterally transfer personnel from one building to another, Chivis concluded that the grievance lacked merit. (Chivis Deposition at 18, 21-22, 30, 34-36). Accordingly, AFSCME declined to move the grievance to arbitration. (Chivis Deposition at 31, 34-36). On or about March 14, 2000, Chivis wrote to Freeman, stating that AFSCME was withdrawing the grievance. Chivis sent Hazzard a copy of that letter, to advise him of the withdrawal. (Hazzard Deposition, Exhibit 4).

Subsequent to the withdrawal of the grievance over Hazzard's bid for the Rowland School position, AFSCME continued to represent Hazzard's interests under the collective bargaining agreement. In April 2000, a grievance was filed on behalf of all head custodians, including Hazzard, over the denial of vacation leave. (Hazzard Deposition, Exhibit 15). The grievance was prompted, in part, by an incident in which Tim Curtis told one custodian that he could not take requested vacation leave unless Hazzard withdrew his request for leave on the same date. (Hazzard Deposition at

207-18). AFSCME successfully resolved that grievance in favor of the head custodians, including Hazzard. (Hazzard Deposition at 218).

In June 2000, Hazzard filed another grievance after Tim Curtis questioned bereavement leave that Hazzard had taken several months earlier for the death of his brother-in-law. (Hazzard Deposition at 115, 197, 200-04 and Exhibit 12). AFSCME successfully resolved that grievance in Hazzard's favor in February 2001. (Hazzard Deposition at 202-04; Hazzard Deposition, Exhibits 13 and 14).

## II.    ARGUMENT

### A.    Standard of Review

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.  Rule 56(c). An issue is "genuine" only if there is sufficient evidence to permit a reasonable jury to find for the non-moving party; a disputed fact is "material" only if it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

On a motion for summary judgment, a Court must consider the record in the light most favorable to the non-moving party. Mellon Bank Corp. v. First Union Real Estate Equity and Mortg. Invest., 951 F.2d 1399, 1404 (3d Cir. 1991). The moving party must demonstrate that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A defendant may meet that burden by showing that the plaintiff has failed to adduce sufficient evidence to satisfy his burden of proof as to one or more of the elements of his claim. Celotex, 477 U.S. at 322-23. The plaintiff must

8

then come forward with evidence to establish a genuine dispute as to a material issue of fact. <u>Anderson</u>, 477 U.S. at 256-57.

"Conclusory statements, general denials and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." <u>Olympic Junior, Inc. v. David Crustal, Inc.</u>, 463 F.2d 1141, 1146 (3d Cir. 1972). Rather, the opposing party must "go beyond the pleadings" and set forth specific facts, supported by citations to relevant admissible evidence, to show the existence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 324; <u>Olympic Junior</u>, 463 F.2d at 1146; <u>Elmore v. Clarion Univ. of Pennsylvania</u>, 933 F. Supp. 1237, 1244 (M.D. Pa. 1996), <u>aff'd without op.</u>, 142 F.3d 427 (3d Cir. 1998). A mere scintilla of evidence is not enough to avoid summary judgment. <u>Lightening Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1166 (3d Cir. 1993); <u>Elmore</u>, 933 F. Supp. at 1244. Rather, the party opposing summary judgment must come forth with such evidence upon which a jury could return a verdict in his favor. <u>Id</u>.

9

### B.    AFSCME and McMurray are Entitled to Summary Judgment on Hazzard's Section 1981 Claim

A claim under 42 U.S.C. § 1981 ("Section 1981") requires proof of intentional discrimination on the basis of race in the making or enforcement of contracts. Goodman v. Lukens Steel Co., 482 U.S. 656, 665 n.10 (1987); Elmore v. Clarion Univ. of Pennsylvania, 933 F. Supp. 1237 (M.D. Pa. 1996); Boykin v. Bloomsburg Univ. of Pennsylvania, 893 F. Supp. 409 (M.D. Pa. 1995), aff'd without op., 91 F.3d 122 (3d Cir. 1996), cert. denied, 519 U.S. 1078 (1997); Armstrong v. School Dist. of Philadelphia, 597 F. Supp. 1309, 1312 (E.D. Pa. 1984). A labor union may be liable under § 1981 where its failure to represent a bargaining unit member is based on racial animus. Armstrong, 597 F. Supp. at 1312. Where a § 1981 plaintiff claims discriminatory representation by a labor union, "a crucial element . . . is a factual showing that in similar circumstances," members of one race were treated differently than those of another. Armstrong, 597 F. Supp. at 131.


On a motion for summary judgment in a § 1981 case, the McDonnell Douglas burden-shifting analysis applies. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385 (3d Cir. 1999) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The Plaintiff bears the initial burden of

presenting a prima facie case of intentional racial discrimination. Id. The

burden then shifts to the defendant to provide some legitimate non-

discriminatory reason for its actions. Id. Finally, the plaintiff must

demonstrate that the defendant's proffered non-discriminatory reason is

pretextual. Id. To survive a motion for summary judgment, the plaintiff must

produce evidence sufficient to "allow a factfinder reasonably to infer that

each of the [defendant's] proffered non-discriminatory reasons was either a

post hoc fabrication or otherwise did not actually motivate the [defendant's]

action." Fuentes v. Perskie, 32 F. 3d 759, 764 (3d Cir. 1994). The focus of

the inquiry is on "whether discriminatory animus motivated the [defendant],

not whether the [defendant] is wise, shrewd, prudent, or competent." Id.

Accordingly, it is not sufficient for the plaintiff to show that the defendant's

actions were wrong or mistaken; rather, the plaintiff must specifically prove

that racial discrimination motivated the defendant's actions. Id.


Conclusory allegations of racial bias, absent specific supporting

evidence, are not sufficient to make out a *prima facie* case under Section

1981. Boykin, 893 F. Supp. at 416; Armstrong, 597 F. Supp. at 1312.

Rather, the Plaintiff must adduce evidence of disparate treatment,

11

departures from normal procedures, a history of purposeful discriminatory actions, or other conduct evidencing a discriminatory motive on the part of the defendant. Flagg v. Control Data, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992) (citing Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 264-68 (1977)).

In this case, Hazzard has utterly failed to make out a *prima facie* case of racial discrimination by AFSCME or McMurray.[1] While Hazzard has had ample opportunity in discovery to develop evidence in support of his claim, there is quite simply no evidence of any intentional racial discrimination here. Consequently, Hazzard's unsupported allegations of racial discrimination cannot withstand a motion for summary judgment.

---

[1]Hazzard does not allege that McMurray was personally involved in either the School District's decision not to assign Hazzard to the Rowland School or in AFSCME's decision to withdraw the grievance over that decision. Hazzard Deposition at 112-13, 251-53, 255. Rather, the only role that McMurray played in the events at issue here is that he received the Rowland School assignment that Hazzard sought. See Chivis Deposition at 14, 16, 45. Accordingly, the Section 1981 claim against McMurray fails as a matter of law, and should be dismissed, regardless of the Court's disposition of the Section 1981 claims against AFSCME and the School District. See Boykin, 893 F. Supp. at 416 ("Liability under § 1981 is personal in nature, . . . and cannot be imposed vicariously. Because liability is premised upon intentional discrimination, personal involvement of a defendant is essential."); accord Elmore, 933 F. Supp. at 1244.

12

Hazzard contends that AFSCME and the School District colluded to deprive him of the position of head custodian at the Rowland School, and that they did so because Hazzard is white. See Complaint ¶ 21; Hazzard Dep. at 259-60. Specifically, he claims that Nichelle Chivis, AFSCME's Staff Representative, "got together" with Lance Freeman and Tim Curtis, management representatives of the School District, and agreed to withdraw the grievance that Hazzard had filed. Hazzard Dep. at 259-60. Yet, when asked whether he had any evidence of such collusion, Hazzard candidly replied "no." Hazzard Dep. at 260. The only support that Hazzard could offer for his conspiracy theory is his belief that, because Ms. Chivis, Mr. Freeman and Mr. Curtis are "all black," they must have agreed with each other. Hazzard Dep. at 261. This bald conclusory allegation is insufficient to satisfy Hazzard's burden of proof.

Moreover, Hazzard is unable to explain why, if AFSCME and Curtis were colluding to discriminate against Hazzard, the Union would nonetheless have pursued two grievances on behalf of Hazzard against Curtis. Yet, Hazzard admits that AFSCME did indeed successfully resolve the vacation leave and bereavement leave grievances, in which Hazzard

13

contended that Curtis was subjecting him to unfair treatment. AFSCME's successful resolution of those two grievances on behalf of Hazzard is impossible to reconcile with Hazzard's claim that the Union was colluding with Curtis to discriminate against him because of his race.

In <u>Armstrong</u>, 597 F. Supp. at 1312-13, the court granted summary judgment in favor of a union where the plaintiff, who was African-American, was unable to identify any instance of a white bargaining unit member who received more favorable treatment from the union. Similarly, despite having had ample opportunity to do so in the course of discovery, Hazzard is unable to identify any black employee who received more favorable treatment from AFSCME in similar circumstances—that is, a black employee on whose behalf the Union processed a grievance to arbitration over the School District's failure to assign that employee to a particular building. Nor has Hazzard produced any evidence that AFSCME departed from procedural norms in its handling of the grievance on behalf of Hazzard. While Hazzard may disagree with AFSCME's conclusion that his grievance lacked merit, that disagreement, absent any evidence of deliberate racial discrimination, is not sufficient to sustain a § 1981 claim. <u>See</u> <u>Fuentes</u>, 32 F. 2d at 764.

As in <u>Armstrong</u>, Hazzard's allegations here "lack the specificity necessary to maintain a § 1981 suit and discovery has totally failed to uncover the factual predicate necessary to support [Hazzard's] claims." 597 F. Supp. at 1313. Accordingly, like the union in <u>Armstrong</u>, AFSCME is entitled to judgment as a matter of law. <u>See</u> <u>id</u>.

Even if Hazzard did make out a *prima facie* case, AFSCME has met its burden under the <u>McDonnell-Douglas</u> framework, by providing a legitimate non-discriminatory reason for its decision to withdraw the grievance. As Nichelle Chivis testified, the decision to withdraw the grievance rested on her conclusion that the grievance lacked merit. She based that conclusion on the School District's explanation that the job posting for the Rowland School was erroneous, and on her understanding that the assignment of McMurray to that position was a lateral transfer, which is within the School District's management rights under the collective bargaining agreement. Chivis Deposition at 24-25, 35-36. AFSCME's decision not to process the grievance to arbitration was thus a legitimate exercise of its discretion as exclusive bargaining representative to decline to arbitrate a grievance that the Union deems to lack merit. <u>See</u> <u>Martino v.</u>

15

*Transport Workers' Union*, 505 Pa. 391, 480 A.2d 242, 250 n.12 (1984). In this case, AFSCME exercised that discretion, without regard to the race of anyone involved, based solely on the Union's good faith determination that the grievance lacked merit.

Just as Hazzard is unable to meet his initial burden of presenting evidence of intentional discrimination by AFSCME, so too is he unable to meet his final burden of proving that AFSCME's proffered reason for its actions is pretextual. There is simply no evidence that AFSCME's stated reason for withdrawing the grievance—that the grievance lacked merit under the collective bargaining agreement—"was either a post hoc fabrication or otherwise did not actually motivate the [Union's] action." See *Fuentes* 32 F.3d at 764. Again, Hazzard can point to no example of any grievance that AFSCME handled differently on behalf of a black employee. Nor can he point to any departure by AFSCME from its normal grievance handling procedure. Hazzard has utterly failed to refute AFSCME's stated non-discriminatory reason for withdrawing the grievance.

16

Hazzard has not met his burden of proving a *prima facie* case of intentional racial discrimination. Moreover, AFSCME has offered a valid, non-discriminatory reason for its actions, and Hazzard has failed to show that reason to be pretextual. Accordingly, AFSCME is entitled to summary judgment on Hazzard's § 1981 claim.

### C.   AFSCME and McMurray are Entitled to Summary Judgment on Hazzard's Duty of Fair Representation Claim

#### 1.   Hazzard Has Adduced No Evidence that AFSCME's Withdrawal of its Grievance on Behalf of Hazzard Was Arbitrary, Discriminatory or in Bad Faith

A union representing public employees under the Pennsylvania Public Employe Relations Act ("PERA"), 43 P.S. §§ 1101.101 *et seq*. owes a duty of fair representation when processing a grievance on behalf of a bargaining unit member. Martino v. Transport Workers' Union, 505 Pa. 391, 480 A.2d 242 (1984). A union is accorded broad discretion in deciding whether to proceed to arbitration on a grievance, and may decline to seek arbitration where the union, in good faith, determines that the grievance lacks merit. Martino, 480 A.2d at 250, n.12. Mere negligence on the part of the union does not breach the duty of fair representation. Martino, 480 A.2d at 250, n.12; Dorfman v. Pennsylvania Social Services Union, 752 A.2d 933 (Pa.

17

Cmwlth. 2000). Rather, the plaintiff must prove that the union's conduct was arbitrary, discriminatory or in bad faith. Martino, 480 A.2d at 250, n.12, 252.

Despite ample opportunity for discovery, Hazzard has failed to adduce any evidence to support a finding that AFSCME's decision to withdraw the grievance over Hazzard's bid for the Rowland School position was arbitrary, discriminatory or in bad faith. Significantly, the only unlawful basis that Hazzard even alleges is racial discrimination. However, as AFSCME has already argued in regard to Hazzard's § 1981 claim, there is absolutely no evidence of racial animus on the part of AFSCME. On the contrary, the record shows that AFSCME made its decision based on a good faith determination that the grievance lacked merit.

AFSCME initially processed the grievance and represented Hazzard at a formal grievance meeting, when it appeared that the School District had violated the agreement by failing to honor Hazzard's bid for the Rowland School position. However, at the grievance meeting, AFSCME learned that the job had been posted in error, and that it had been the School District's intention to exercise its managerial prerogative to transfer another head

custodian laterally to the Rowland School. The explanation that the School

District offered at the grievance meeting was consistent with previous

conversations between AFSCME Staff Representative Nichelle Chivis and

School District Personnel Director Lance Freeman at labor-management

meetings. In those conversations, which occurred months before Hazzard

ever expressed any interest in the Rowland School position, Freeman had

indicated that the School District intended to staff the Rowland School

through lateral transfers of personnel, as the School District had a right to do

under the collective bargaining agreement. Because the School District

acted within its managerial rights in transferring McMurray to the Rowland

School, Chivis concluded that the grievance lacked merit.

There is no genuine dispute as to any material fact pertaining to

Hazzard's duty of fair representation claim. Hazzard has failed to produce

any evidence to support a finding that AFSCME's decision to withdraw the

grievance was arbitrary, discriminatory or in bad faith. On the contrary, the

record shows that AFSCME withdrew the grievance based on a good faith

determination that there was no violation of the collective bargaining

agreement. Moreover, AFSCME's successful resolution of two subsequent

grievances on behalf of Hazzard, one involving vacation leave and the other involving bereavement leave, demonstrates the Union's lack of animus toward Hazzard.

Accordingly, the Union is entitled to judgment as a matter of law on the duty of fair representation claim.

## 2. As a Matter of Law, McMurray Cannot Be Held Liable for Breach of the Duty of Fair Representation

There is no cause of action under Pennsylvania law against an individual union official for a breach of the duty of fair representation by a union. Martino v. Transport Workers' Union, 505 Pa. 391, 480 A.2d 242, 246 (1984). Rather, the sole claim is "against the union itself for breach of its 'fiduciary obligation.'" Id. (citation omitted).

The Complaint names Robert McMurray, as well as AFSCME, as a defendant. McMurray himself cannot, as a matter of law, be held liable for breach of the duty of fair representation. Martino, 480 A.2d at 246. Rather, Hazzard's only possible claim would be against AFSCME itself. Id.

20

Accordingly, the Court should grant summary judgment in favor of McMurray on the duty of fair representation claim.

### D.    The Court Should Decline Jurisdiction Over Hazzard's State Law Duty of Fair Representation Claim

The jurisdiction of the federal courts encompasses matters arising under federal law, 28 U.S.C. § 1331, or in which there is diversity of citizenship between plaintiff and defendant, 28 U.S.C. § 1332. Where a complaint states a valid federal claim, a federal court may exercise supplemental jurisdiction over any state law claim arising from a common set of facts. 28 U.S.C. § 1367. However, a federal court may decline to exercise jurisdiction over state law claims if all federal claims are dismissed. 28 U.S.C. §1367(c)(3); Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1285 n. 14 (3d Cir. 1993). Indeed, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline [to exercise jurisdiction over] the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

21

Where the plaintiff is an employee of a state political subdivision and the employee representative is certified under state labor relations law, any claim for breach of the duty of fair representation arises under state, not federal, law. Manfredi v. Hazelton City Auth., 793 F.2d 101 (3d Cir. 1986); Crilly v. Southeastern Pennsylvania Transp. Auth., 529 F.2d 1355 (3d Cir. 1976). The collective bargaining relationship between the School District and AFSCME was established pursuant to PERA, 43 P.S. § 1101.101, et seq. Accordingly, the duty of fair representation that AFSCME owes to Hazzard is a creature of state law, and Hazzard's claim for breach of that duty is a state law claim.

Hazzard would have this Court exercise supplemental jurisdiction over his state-law claim for breach of the duty of fair representation. Defendants have already argued that the Court should dismiss the § 1981 claim, because Hazzard has failed to adduce sufficient evidence to meet his burden as to that claim (see supra, Argument, Point A). Assuming that the Court dismisses the § 1981 claim, the Court should also decline jurisdiction over the state law duty of fair representation claim. See 28 U.S.C. § 1367(c)(3); Borough of West Mifflin, 45 F.3d at 788.

22

## III.   CONCLUSION

For all of the foregoing reasons, the Court should grant summary judgment in favor of Defendants AFSCME and McMurray.


Respectfully submitted,
**WILLIG, WILLIAMS & DAVIDSON**


BY:  _____
ALAINE S. WILLIAMS, ESQUIRE
Attorney I.D. No.  32489
ERIC M. FINK, ESQUIRE
Attorney I.D. Number 80154
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600
Attorneys for Defendants
McMurray and AFSCME

Dated: February 14, 2002