IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. HAZZARD ) | CIVIL ACTION LAW |
| ) | |
| Plaintiff ) | |
| ) | No. 1:CV-00-1758 |
| Vs. ) | |
| ) | |
| TIM CURTIS, ) | |
| Mac MURRAY, ) | |
| AFSCME, DISTRICT 90, ) | |
| AND THE HARRISBURG ) | |
| SCHOOL DISTRICT ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants ) | |

FILED
HARRISBURG, PA
MAR 0 4 2002
MARY E. D'ANDREA, C
Per _____ Deputy Clerk

**PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANT
AFSCME AND MACMURRY'S MOTION
FOR SUMMARY JUDGMENT**

I.) **BACKGROUND**

Plaintiff incorporates by reference the procedural and factual history in his companion brief in opposition to the District and Curtis' motion for summary judgment. To augment that history, plaintiff offers the following facts for emphasis which are reflected in plaintiff's Counterstatement of material facts (also incorporated herein) and the various exhibits to the briefs here. AFSCME and MacMurry don't dispute the following facts: The union unilaterally and without consultation with Hazzard, withdrew his grievance at the third step. No less than three shop stewards

1

and low level union officials protested this action (Epps, Tapper, and McCollum). Other than a post withdrawal explanation by Chivis (AFSCME Union Rep) in this litigation that she had discussed with District officials some undefined policy of management transfer rights, there is no evidence of any reason for pulling the grievance. Hazzard was the only person who bid on the job. Hazzard is white. The job was posted, but only after Hazzard began to push it did the District claim it had been posted in "error". There has never been an explanation from any defendant as to how the job was erroneously posted. MacMurry is black. Every Union official and the District Board and every defendant is black. Hazzard was qualified. Hazzard had more seniority than MacMurry. Chivis warned Wanda Williams that her members were coming to a Board meeting to complain. The members (Hazzard, Epps, Tapper, and McCollum) properly applied for a chance to speak and appeared before the District Board in accordance with a standard procedure to complain. They were prevented from speaking. The following facts, although they undoubtedly might be disputed by defendants are also part of this record. MacMurry had been transferred from a major to a miner school (Hamilton) and was to be paid according to a major custodian's pay scale. MacMurry never requested any transfer or bid on the job at Rowland or even requested it (MacMurry, Freeman, and Curtis' dispute this saying MacMurry was only "temporarily" placed at Hamilton). Although there is no

2

evidence, except for their self-serving, belated claims of his "temporary" transfer to Hamilton to await Rowlands opening, MacMurry (black), was given the job over Hazzard (white).

## II.) ISSUES

### a.) Are AFSCME and MacMurry entitled to Summary Judgment?

This issue is precisely the same issue supported by precisely the same legal and factual arguments presented in the District and Mr. Curtis' brief. Consequently plaintiff's argument and factual history, as well as plaintiff's Counterstatement of facts and list of exhibits in opposition to the motion for summary judgment of the District and Curtis are incorporated herein by reference. There is one exception. MacMurry argues that he should be dismissed because he was not shown to be part of the alleged racist actions against Hazzard. MacMurry's arguments are also integrated with the McDonnell Douglas burden shifting arguments that the defendants all share. The undisputed evidence shows, however, that MacMurry was part and parcel of the arrangement to deprive Hazzard of his lawful position at Rowland. According to MacMurry, Freeman, and Curtis, MacMurry was only sent to Hamilton school on a "temporary" basis. That is disputed, Chivis Dep. pg 18, Tapper Dep. pg 32-33, Epps, Dep pg 23, McCollum Dep. pg 10. Further its undisputed, and admitted by MacMurry, that he was a union member - he was actually Hazzard's shop steward

3

at the times complained of and were active in union affairs. This is a case where a less qualified black man (MacMurry with less seniority) takes a position away from a more qualified white man (Hazzard more seniority) under circumstances that objectively smack of race discrimination. See Tapper Dep. pgs 14, 15, and 16), and see Tapper Dep. pg 17 and 19, where Tapper testifies as to what the union did. Under these circumstances, a jury could easily infer that a black custodian appointed to a position over a white custodian, who had seniority, and was the sole bidder for a position for which he was qualified, while he and the only other white custodian in the group of custodians were treated in an unequal and less fair way (Tapper Dep. 14-16) was appointed for racial reasons and that Hazzard was denied the Rowland position for racial reasons.

### B.) AFSCME and MacMurry are not entitled to Summary Judgment on Hazzard's Duty of Fair Representation claim.

1.) The Withdrawal of the Subject Grievance by AFSCME was a violation of the Unions duty to Mr. Hazzard.

Defendants cite the controlling case of *Martino v. Transcript workers Union*, 505 Pa. 391, 480A.2d 242 (1984), but *Martino* under the facts here, doesn't really address the key underlying issue, whether the union acted in Hazzards best interest in. To allow AFSCME conformance with their duties to simply walk away from a

4

member who was the only bidder on a properly posted job for which he was qualified, cannot be supported by the law of *Martino*, logic, or law in this case. In fact the main AFSCME rep, Nichelle Chivis, offers no reasonable explanation for why she withdrew the grievance. Chivis' explanation is that she had previous conversations with the District who had allegedly expressed the opinion via Mr. Freeman that the District intended to staff Rowland through "lateral transfers". Not to be contentious but in simple terms- so what? The District put the position out for bid and Hazzard, the most (and only) qualified bidder - bid on the position. In short the only reason the District was within its managerial rights is because the union just rolled over and let it be that way, for obviously racist reasons. They didn't represent Hazzard at all. They betrayed him. As Epps said - "every grievance is griveable" Epps pg 17. Chivis steps in and without warning many months into the grievance and says well the District made an error. She asks for and requires no proof. She doesn't investigate. Based upon her belated (in this litigation) memory of conversations between her and the District she pulls the rug out from under Hazzard. Epps got no explanation from Chivis when he pressed her about the reasons for dropping the grievance or how it was decided to be in error. See Epps Dep. pgs 17-20. If Chivis couldn't give Epps an explanation when she withdrew the grievance, and never even informed Hazzard until after the fact, based upon her advocating for the District position, and could not

5

provide a reasonable or definitive answer to counsel's questions as to why the grievance was withdrawn during this litigation (see Chivis Dep. pgs 25-36, then how can AFSCME argue under the *Martino* standard that they are not bound by any duty to represent? There is no answer because AFSCME did not fulfill its duty to represent Hazzard. They instead put MacMurry in his place, along with the District, who made a deal to put Mr. MacMurry (a black) in white Mr. Hazzard's place. And further, if AFSCME represents that it fulfilled its duty to Mr. Hazzard, why would Chivis call the District to warn them against allowing Hazzard to use a bona fide complaint procedure to speak to the whole Board? See Tapper Dep. pgs 21-22, Chivis Dep. pgs 48-49. AFSCME's withdraw of Hazzard's grievance was a violation of its duty to Hazzard. It was not in Hazzards interest and was in fact in violation of his contract rights. AFSCME violated its duty of representation to Hazzard.

D.) <u>There is no personal Duty to Represent on MacMurry's part</u>.

Hazzard concurs that MacMurry had no <u>personal</u> duty to represent.

E.) <u>If the Court declines federal jurisdiction it should retain jurisdiction of the supplemental claims.</u>

Pursuant to 28 U.S.C. 1367 this Court may in its discretion, retain jurisdiction of supplemental state claims in the interest of judicial economy. Here that interest would best be served if the Court retained jurisdiction given all the work done in this case.

Respectfully Submitted,

*Don Bailey*
Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500