● **ORIGINAL** ●

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. HAZZARD | ) | CIVIL ACTION LAW |
| Plaintiff | ) | No. 1:CV-00-1758 |
| Vs. | ) | |
| TIM CURTIS, MACK MCMURRAY, AFSCME, DISTRICT 90, AND THE HARRISBURG SCHOOL DISTRICT | ) | (JUDGE RAMBO) ✓ |
| | ) | JURY TRIAL DEMANDED |
| Defendants | ) | |

FILED
HARRISBURG
MAR 0 4 2002
MARY E. D'ANDREA, CLE
Per_____ DEPUTY CLERK

## PLAINTIFFS COUNTERSTATEMENT OF MATERIAL FACTS TO THE SUMMARY JUDGMENT MOTION FILED BY HARRISBURG SCHOOL DISTRICT AND TIMOTHY CURTIS

1.) Admitted.

2.) Admitted.

3.) Admitted.

4.) Admitted.

5.) Admitted.

6.) Admitted.

7.) Admitted.

1

8.) Admitted.

9.) Admitted.

10.) Admitted.

11.) Admitted.

12.) Admitted. It is denied that Curtis acted properly, however, or in accordance with either custom or the aforementioned contract.

13.) Admitted.

14.) Admitted.

15.) Admitted.

16.) Admitted.

17.) Admitted. By way of further response this was one of Curtis' errors, ie. failing to accommodate pay differentials. He also never contacted any of the employees which he admits.

18.) Admitted.

19.) Denied. It is important to point out that Hazzard's pay was not reduced and would not have been anyway because of the transfer. However that is not material to this case because Hazzard's pay differential was lost due to the failure to give him the job (Rowland School) that he properly bid on.

20.) Admitted.

21.) Denied. It is not admitted that Curtis acted alone in making the so-called transfer decision. It is believed and averred that others acted with him.

22.) Admitted that this may have been Curtis intention. Any inference that Curtis was alone is the intention to put MacMurry at Rowland School is denied. It is averred to the contract that Hazzards lawful bid was unlawfully denied.

23.) Admitted only that Rowland was not open in June 1999. It is denied if defendant intends any inference as claimed during this litigation that MacMurry was transferred for "temporary" reasons there being no factual support for this contention short of defendants desire to avoid liability to Hazzard, and regardless, such a maneuver would have been a violation of Hazzard's rights under his union contract and of Hazzard's civil rights.

24.) Denied. Any inference that an opening existed at Hamilton school to which Curtis could have appointed anyone without posting it is denied.

25.) Admitted in part denied in part. It is admitted that Curtis placed MacMurry in Hamilton school. It is denied that it was supposed to be temporary (Tapper Dep pg 32-33, Epps Dep pg 23, McCollum Dep pg 10, Chivis Dep pg 18).

26.) Denied. If this was true, it was a mystery to everyone except the defendants. At no time was this explanation offered to Hazzard until his complaint arose. Tapper Dep pg 32-33, Epps Dep pg 23, McCollum Dep pg 10, Chivis Dep pg

3

18.

27.) Denied. Curtis chose MacMurry as a way to respond to his dislike of Hazzard because Hazzard was white and because MacMurry was black and along with the other defendants decided after the bidding process was over that he wanted the position at Rowland school.

28.) Admitted in part. It is Denied however that this difference without any meaningful distinction, is material to this case except for the fact that the union contract nowhere makes a 1B (so- called major building custodian) more qualified or preferable for any promotion to a "major building" than a 1A (so-called minor building custodian). The only viable criteria to compare 1B and, or, 1A custodians is seniority. Hazzard had considerable seniority on MacMurry.

29.) Admitted. However Hazzard was the only qualified employee to bid on the job.

30.) Admitted. By way of further response such a practice is in fact, bidding or expressing an interest (which Hazzard did in writing). It is an acceptable practice in this case and Hazzard's written expression of interest was a qualified bid and accepted as such. Indeed, Hazzard was the only employee who bid on the position.

31.) Admitted. But see plaintiff's Counterstatement in paragraph 30 above.

32.) Denied. The district did in fact accept Hazzard's expression of interest as

4

a bid. That is admitted. It is false and misleading to imply in anyway however, that the position in question was never posted. If intended, this averment by defendants is emphatically denied. Defendants later claimed they mistakenly posted the position in error, not that it was never posted. It was clearly posted. No one but Hazzard bid and when the job was surreptitiously given to MacMurry, Hazzard was told that it had been posted in error.

33.) Admitted that Hazzard bid for the position, and that it was posted.

34.) Denied.

35.) Denied. Curtis had absolutely nothing to do with the posting of the Rowland School Custodian position and all defendants are aware of this fact. The position was posted according to standard procedure. Aside from defendants' belated claim, with absolutely no supporting facts as to why, there are virtually no facts known to any party which explains why the posting was an error, or if so, how it occurred.

36.) Denied. Any inference that Hazzard, who defendants have already admitted applied for the position, did not apply - the fact is that aside from Hazzard no one else posted the position. Further, the claim that the position was posted in error arose only after Hazzard was into his grievance.

37.) Denied. If the decision to place MacMurry at Rowland had already been

5

made (Curtis did not have the authority in any event) then the Rowland position would not have been posted.

38.) Admitted.

39.) Admitted.

40.) Admitted.

41.) Admitted.

42.) Admitted.

43.) Denied. Regardless of the sequence or purpose of meetings, it is of no material effect that Mr. Freeman said the job was posted by accident after it was in fact bid by Mr. Hazzard and had been duly posted. If Hazzard's deposition is read further at pages 94-101 it can be seen that School Board member Brown told Hazzard that he was going to get his job, then wrote him later and said no.

44.) Admitted in part, denied in part. It is admitted that the defendant AFSCME withdrew plaintiff's grievance (without telling him or providing a reason). It is denied that plaintiff's grievance was without merit. It is admitted that defendant AFSCME said that the grievance was without merit, as an excuse. Ironically it was only at the third step when Nichelle Chivis supposedly realized the grievance was without merit.

45.) Admitted. By way of further response AFSCME did so without consulting plaintiff.

46.) Admitted. The School District did not pursue the grievance because they and the other defendants were working towards the same end ie. to deny Mr. Hazzard his position.

47.) Admitted.

48.) Admitted. By way of further response this is an accepted procedure.

49.) Admitted.

50.) Admitted.

51.) Admitted. By way of further response Brown had earlier told Hazzard he was going to get the job he bid on at Rowland.

52.) Admitted.

53.) Admitted.

54.) Admitted.

55.) Admitted.

56.) Admitted.

57.) Virtually every Union Official and School Board member who made the decision to replace a less qualified person (Shop Steward MacMurry) in the position plaintiff bid for, and then deny him an opportunity to speak at a public meeting, was black.

7

58.) A less qualified black person (MacMurry) was given a position for which plaintiff (white) was more qualified.

59.) The only two custodians separated out for inferior treatment by defendants in the transfer of 1999 were white (Tapper Dep. Plaintiff's Exhibit "A" pages 14-16).

Respectfully Submitted,

Don Bailey, PAID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of MARCH 2002 a true and correct copy of the foregoing **DOCUMENT** were served upon the following counsel of record by United States Mail, postage prepaid and by Fax:

ERIC FINK, ESQ.
WILLIG, WILLIAMS & DAVIDSON
1845 WALNUT STREET
24TH FLOOR
PHILADELPHIA, PA 19103

SHAWN LOCHINGER, ESQ,
RHOADS & SINON LLP
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

BY: _____
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500