2 TO CT

# ORIGINAL



FILED
HARRISBURG

MAR 1 8 2002

MARY E. D'ANDREA, CLERK
Per ___mv___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HAZZARD, | : | |
| Plaintiff, | : | No. 1:CV-00-1758 |
| v. | : | (Judge Rambo) |
| TIM CURTIS, MACK MCMURRAY, AFSCME DISTRICT 90, and THE HARRISBURG SCHOOL DISTRICT, | : | |
| Defendants. | : | |

### REPLY BRIEF OF DEFENDANTS HARRISBURG SCHOOL DISTRICT AND TIMOTHY CURTIS

In his response to the Motion for Summary Judgment and supporting Brief filed by Defendants Harrisburg School District ("School District") and Timothy Curtis ("Curtis"), Plaintiff William Hazzard ("Plaintiff" or "Hazzard") makes a number of unsupported factual allegations, allegations that are directly contradicted by the record in this case, and legal conclusions that are wholly unsupported by authority. As explained below and in the Defendants' previous submissions, these allegations and conclusions are insufficient to survive the Defendants' Motion for Summary Judgment.

423285.2

1. **Hazzard Has Failed To Present Any Credible Evidence Sufficient To Defeat The Motion For Summary Judgment Filed By The School District And Curtis**

It is well established that once a party has properly filed evidence supporting a motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must instead set forth specific facts establishing genuine issues for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Here, Hazzard has presented no credible evidence in support of his claims.

As previously indicated, Hazzard's claim is a claim for reverse discrimination pursuant to Section 1981. In order to succeed, Hazzard must produce "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability that but for the plaintiff's status, the challenged employment decision would have favored the plaintiff." Bellairs v. Coors Brewing Co., 907 F. Supp. 1448, 1456 (D. Colo. 1995) (citing Notari v. Denver Water Dep't, 971 F.2d 585, 589 (10th Cir. 1992)). In his Brief, Hazzard offers the following:

> All of the people who decided plaintiff's fate (as it were improperly) were black. That's unquestioned. MacMurray, an AFSCME shop steward, who was less qualified (according to the Union contract) than Hazzard (who had more seniority) took the position that Hazzard bid on. Nichelle Chivis, the AFSCME Union rep called the president of the School District Board (Tapper Dep., pgs 26, 41) (Chivis Dep., pgs 47-50) and spoke to Wanda Williams (a 30 year AFSCME member), who is also

> black, and cut off Hazzard's chance to speak with his supporters to the School District (Epps Dep. pgs 14, 15, 17, 31, 49, 51, 52, and 53).

(Hazzard Brief, pp. 6-7).

Even assuming that this allegation is wholly accurate (which it is not), Hazzard has not presented enough evidence in the language cited above to cause this case to continue. The mere fact that a minority received the position is insufficient evidence to survive a motion for summary judgment in a 1981 reverse discrimination action: "[w]hile the fact that one's replacement is of another national origin 'may help to raise an inference of discrimination, it is neither a sufficient nor a necessary condition.'" Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000) (quoting Carson v. Bethlehem Steel Corp., 82 F.3d 147, 159 (7th Cir. 1996)).[1]

---

[1] In his Brief, Hazzard cites the Third Circuit decision in Iadimarco v. Runyon, 190 F.3d 151 (3d Cir. 1999) for the proposition that he has set forth sufficient evidence to defeat the motion for summary judgment. (Hazzard Brief, p. 6). Even a cursory examination of the Iadimarco decision refutes this assertion. In that respect, in Iadimarco, the Third Circuit reversed the lower court's grant of summary judgment to the employer in a reverse discrimination Section 1981 action. Id. at 167. Unlike the current facts, the Iadimarco plaintiff produced evidence of discrimination, including the fact that one of the supervisors drafted and circulated a memo strongly encouraging diversification. Id. at 154-55. There were also factual disputes surrounding the employment action. Id. at 164-65. Hazzard's unsubstantiated and unsupported allegations, however, are insufficient to bring this case within the purview of Iadimarco, mandating summary judgment in favor of Defendants School District and Curtis.

Where, as here, a Section 1981 reverse discrimination plaintiff offers only conclusory allegations of racial bias -- such as the fact that a minority received the position -- with no direct evidence of discrimination, that plaintiff has failed to establish a prima facie case of discrimination. Flagg v. Control Data, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992); Bellairs, 907 F. Supp. at 1455; Guardians Ass'n v. Civil Serv. Comm'n, 633 F.2d 232, 264 (2d Cir. 1980). With no genuine issues of material fact created by the pleadings or through Hazzard's submissions, the Motion for Summary Judgment filed by Defendants Harrisburg School District and Curtis must be granted.

**2.    Hazzard's Untimely And Improper Attempt To Add A First Amendment Claim Must Be Rejected**

In the Brief, Hazzard purports to add a First Amendment claim, requesting that "the Court should also recognize a 1st Amendment adverse employment action and consequential interference with plaintiff's right of expression claims." (Hazzard Brief, p. 11). Procedurally improper, without basis in the law, and with no factual support whatsoever, this request must be denied.

Initially, because all responsive pleadings have been filed in this matter, Hazzard can amend his initial pleading to add additional claims only by leave of court or consent of the parties against whom it is asserted. FED. R. CIV. P. 15(a). Hazzard did not seek the Defendants consent to add a First Amendment claim, nor did he seek leave to do so with this Court.

Even in the event that the claim could be asserted in Hazzard's Brief, it must be seen as improper. Pursuant to the Rules, a claimant must provide an explanation of the facts demonstrating a right to relief in separately numbered paragraphs followed by a demand for judgment. FED. R. CIV. P. 8(a), 10(b). Hazzard has failed to comply with these requirements, as the claim is asserted in a Brief and there are no allegations -- nor facts to demonstrate -- that the School District or Curtis acted in any way to interfere with Hazzard's First Amendment rights. As a result, Hazzard's untimely and improper First Amendment claim must be rejected.

Respectfully submitted,

RHOADS & SINON LLP

By: _____
Shawn D. Lochinger
Stephanie E. DiVittore
One South Market Square, 12th Flr.
Harrisburg, PA 17108
(717) 233-5731

Dated: March 18, 2002

Attorneys for Defendants Harrisburg School District and Timothy Curtis